UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GIBSON FOUNDATION, INC., A DELAWARE CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>ROB NORRIS D/B/A THE PIANO MILL, A CITIZEN OF MASSACHUSETTS,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. NO. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Gibson Foundation, Inc. (the "Foundation") hereby files this Complaint against Defendant Rob Norris d/b/a The Piano Mill ("Defendant Piano Mill") and alleges as follows:

## NATURE OF ACTION

1.  This is an action against Defendant Piano Mill for breach of contract, breach of bailment, and conversion arising from Defendant Piano Mill's refusal to timely return a piano loaned to it by the Foundation and damages the Foundation has suffered as a result.

## THE PARTIES

2.  The Foundation is a 501(c)(3) nonprofit charitable organization and is a Delaware corporation with a principal place of business at 309 Plus Park Blvd, Nashville, Tennessee 37217.

3.  Founded in 2002, the Foundation is committed to making the world a better place through music by creating, developing, and supporting programs, and other non-profit

organizations, in their efforts to advance youth-focused or healing music initiatives by growing the 'share of sound' for everyone.

4. Upon information and belief, Defendant Piano Mill, an individual, is a citizen of Massachusetts with an address of 217 Centre Avenue, Rockland, Massachusetts 02370.

5. Upon information and belief, Defendant Piano Mill is engaged in the promotion and sale of pianos in the United States, including in this District, at its business location and through its website at www.pianomill.com.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court is based on 28 U.S.C. §1332(a)(1) (Diversity Jurisdiction) because complete diversity exists between the parties and the amount in controversy requirement is met: the Foundation is a citizen of Delaware and Tennessee, and Defendant Piano Mill is a citizen of Massachusetts, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This action arises out of wrongful acts including Defendant Piano Mill's breach of contract, breach of bailment, and conversion within this judicial district.  This Court has personal jurisdiction over Defendant Piano Mill because it has purposefully availed itself of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities.  Also, Defendant Piano Mill maintains continuous and systematic contacts with the forum such that the exercise of jurisdiction over it would not offend traditional notions of fair play and substantial justice.  Likewise, personal jurisdiction is proper under the Tennessee Long-Arm Statute, § 20-2-223, because the exercise of jurisdiction is not inconsistent with the Constitution of this state or of the United States. Venue is proper in this district under

28 U.S.C. §1391(b) and (c), as Defendant Piano Mill is subject to personal jurisdiction in this District and a substantial part of the events giving rise to these claims occurred in this District.

## WAREHOUSING AGREEMENT REGARDING BALDWIN PIANO

8. The Foundation's predecessor-in-interest, Gibson Brands Inc., ("Gibson"), held title to a Baldwin Piano model SD10 once owned by the world-renowned pianist Liberace (the "Liberace Piano"), which it stored in 2011 in New York.

9. The Liberace Piano was manufactured by Baldwin Piano, Inc., a wholly-owned subsidiary of Gibson, and the Liberace Piano has, upon information and belief, an appraised value of over $500,000.

10. Prior to the filing of this action, Gibson assigned all rights and title to the Liberace Piano to the Foundation to allow the Foundation to use the Liberace Piano as part of its charitable services and mission.

11. In approximately 2011, Defendant Piano Mill contacted Gibson and Baldwin Piano and informed them that he desired to have a Baldwin Concert Grand Piano for symphony rentals and promotional opportunities but was not in a position to pay the $30,000 to purchase one.

12. As he could not afford the $30,000 purchase price of a Baldwin Concert Grand Piano, Defendant Piano Mill offered to come to an arrangement with Gibson wherein Defendant Piano Mill would store, promote, and restore a Baldwin Concert Grand Piano in exchange for Gibson loaning one to him.

13. At the same time, Gibson desired to warehouse the Liberace Piano in a location other than its New York location in order to display and promote the Liberace Piano and to generate additional goodwill for the Baldwin® brand.

14. Conversely, Defendant Piano Mill desired possession of the Liberace Piano in order to take advantage of display, performance, and promotional opportunities the Liberace Piano would afford Defendant Piano Mill.

15. In approximately 2011, the parties agreed that Gibson would loan the Liberace Piano to Defendant Piano Mill for free in exchange for Defendant Piano Mill picking the Liberace Piano up from its New York location, doing any needed restoration, and housing and promoting the Liberace Piano, thereby creating an enforceable contract and bailment relationship between the parties.

16. From 2011 – present, Defendant Piano Mill has had possession of the Liberace Piano, enjoying goodwill resulting from its possession, display, and performances involving the Piano.

17. Subsequently, the Foundation's predecessor-in-interest Gibson requested the return of the Liberace Piano for upcoming promotions on Broadway. The Liberace Piano was not returned to Gibson in time for Gibson's promotions.

18. On March 22, 2019, the Foundation's predecessor-in-interest Gibson expressed its desire to conclude the bailment agreement and have the Liberace Piano returned to it. The correspondence is hereto attached as **Exhibit A**.

19. On November 19, 2019, the Foundation reached out to Defendant Piano Mill confirming the transfer of the Liberace Piano to the Foundation and its desire to have the Liberace Piano auctioned off, so that its proceeds could be used for charitable purposes. The correspondence is attached as **Exhibit B.**

20. Defendant Piano Mill has refused to return the Liberace Piano and has claimed ownership over it.

21. Defendant Piano Mill's refusal to return the Liberace Piano has deprived the Foundation of its rightful ownership and possession of the Liberace Piano, resulting in lost monies, which would be used for charitable purposes.

## COUNT I
### Breach of Contract

22. The Foundation repeats the allegations set forth in Paragraphs 1 through 21.

23. In consideration of the Foundation (and its predecessor-in-interest) loaning the Liberace Piano to Defendant Piano Mill for the purpose of warehousing and promoting it, Defendant Piano Mill agreed to pick the Liberace Piano up from its New York location, perform any needed repairs, and house the Liberace Piano. The parties' agreement allowed Defendant Piano Mill to have a Baldwin Concert Grand Piano to use for symphony rentals and promotional opportunities without having to invest $30,000 to purchase one, and allowed the Foundation (and its predecessor-in-interest) to house the Liberace Piano in a new location and promote the Liberace Piano and the Baldwin brand.

24. Since 2011, Defendant Piano Mill has enjoyed possession of the Liberace Piano as result of the parties' agreement.

25. Prior to initiating this legal action, the Foundation (through its predecessor-in-interest) communicated to Defendant Piano Mill its desire to end the warehousing agreement.

26. Defendant Piano Mill has breached the warehousing agreement by refusing to return the Liberace Piano to the Foundation (and its predecessor-in-interest) and by claiming ownership over it.

27. As a result of Defendant Piano Mill's breach of contract, the Foundation (and its predecessor-in-interest) has not been able to enjoy possession of the Liberace Piano that is valued, on information and belief, at $500,000.

## COUNT II
### Breach of Bailment

28. The Foundation repeats the allegations set forth in Paragraphs 1 through 21.

29. The Foundation (through its predecessor-in-interest) entrusted the Liberace Piano to Defendant Piano Mill for the purpose of warehousing the Liberace Piano and to allow Defendant Piano Mill to enjoy possession of it.

30. A bailment arises where possession, but not ownership, of property is transferred from one party ("bailor") to another ("bailee"). Where a bailee has received a bailment from a bailor, a duty of care is owed.

31. Upon the Foundation's (through its predecessor-in-interest) request for termination of the bailment contract and return of the Liberace Piano, Defendant Piano Mill refused to return it. As alleged herein, this refusal is a breach of the bailment contract.

32. As a result of Defendant Piano Mill's breach of bailment by refusing to the return the Liberace Piano and claiming ownership over it, the Foundation has been harmed as alleged herein.

## COUNT III
### Conversion

33. The Foundation repeats the allegations set forth in Paragraphs 1 through 21.

34. By refusing to return the Liberace Piano to the Foundation (and its predecessor-in-interest) and by claiming ownership over it, Defendant Piano Mill has willfully, and without lawful justification, appropriated the Foundation's property as Defendant Piano Mill's sole property without the consent of the Foundation (and its predecessor-in-interest).

35. Defendant Piano Mill's unlawful misappropriation has damaged the Foundation in an amount exceeding $75,000.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Gibson Foundation, Inc. prays for judgment as follows:

1. That judgment be entered in favor of the Foundation on all causes of action set forth herein.

2. That the Court issue an Order directing Defendant Piano Mill to file with the Court and serve on the Foundation, within thirty (30) days after the service on Defendant Piano Mill of such injunctions, a report in writing and under oath, setting forth in detail the manner and form in which Defendant Piano Mill has complied with the injunction.

3. That Defendant Piano Mill be required to deliver the Liberace Piano to the Foundation.

4. That the Court require a full and complete accounting of all monies received by Defendant Piano Mill as a result of the breach of bailment.

5. For interest on all amounts found to be due to the Foundation from Defendant Piano Mill, at the prevailing rate, from the date of said amounts or any part thereof became or becomes due.

6. That the Foundation be awarded such other monetary damages, recovery and awards as appropriate under the law.

7. That the Foundation be awarded the costs of this action and its disbursements, and reasonable attorney's and investigatory fees incurred and as otherwise appropriate herein pursuant to Tennessee statute or law.

8. That the Foundation be granted such other monetary, equitable and further relief, as this Court may deem appropriate under state and common law.

9. That the Court retain jurisdiction of this action for the purpose of enabling the Foundation to apply to the Court, at any time, for such further orders and directions as may be necessary or appropriate for the interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violation thereof.

## DEMAND FOR JURY TRIAL

The Gibson Foundation, Inc. hereby demands a jury trial on all issues.

Respectfully submitted,

/s/Timothy G. Harvey
Timothy G. Harvey (BPR No. 21509)
Riley Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
tharvey@rwjplc.com