UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GIBSON FOUNDATION, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. 1:20-cv-10682-IT |
| | * | |
| ROB NORRIS, | * | |
| D/B/A THE PIANO MILL, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM AND ORDER

September 1, 2020

TALWANI, D.J.

      Before the court is Plaintiff Gibson Foundation, Inc.'s Motion to Dismiss [#49] The Piano Mill Group, LLC's counterclaims. Plaintiff contends that: (1) The Piano Mill Group, LLC ("the LLC") cannot bring a claim for declaratory judgment or equitable relief based on events that occurred in 2011 when the LLC was not formed until 2012; and (2) the LLC cannot bring a claim for abuse of process when Plaintiff did not name the LLC as a Defendant. The Opposition [#53] to the motion states that the Answer [#45] asserted misnomer of party, and that all demands for the return of the piano that is the subject of this dispute occurred while the LLC was registered with the Massachusetts Secretary of the Commonwealth.

      Plaintiff may have been aware of the LLC's existence when Plaintiff brought suit, as the Complaint references the website used by the Defendant as "its website at www.pianomill.com," see Compl. ¶ 5, and Plaintiff attached a March 22, 2019 letter from Plaintiff's predecessor that refers to The Piano Mill as Mr. Norris's "affiliated entity." See Ex. A to Compl. [#1-2] (emphasis added). Nonetheless, Plaintiff chose to bring this action solely against an individual, Rob Norris. Compl. ¶ 4 (stating Defendant is "an individual"). Plaintiff certainly was aware of

the LLC's existence when Mr. Norris filed a declaration in January 2020, identifying The Piano Mill as a limited liability company organized under the laws of the Commonwealth of Massachusetts. See Norris Decl. ¶ 2 [#9-1]. Despite having this information, Plaintiff chose not to amend its complaint to name The Piano Mill Group, LLC. Accordingly, the only defendant currently before the court is Mr. Norris.

The court notes that Plaintiff has greatly contributed to the confusion here, using "Defendant Piano Mill" and the pronoun "it" in the Complaint to refer to Mr. Norris, seeking return from Mr. Norris of a piano that by all accounts appears to be in the possession of the LLC, and, while moving to dismiss the counterclaim, ignoring the fact that the Answer was also filed on behalf of "Robert Norris, The Piano Mill Group, LLC[,]" and included an affirmative defense that the complaint is defective "due to its misnomer of the party defendant." See Answer 5, 20 [#45].

Nonetheless, the court GRANTS the Motion to Dismiss [#49] the counterclaims as the LLC is not currently a party to this action. The dismissal is without prejudice.

The court also, sua sponte, strikes the Answer [#45], without prejudice, as improperly filed on behalf of a non-party. The court directs Defendant Norris to file an amended answer in his own name only, keeping in mind that all references to the "Defendant" in the complaint refer only to Mr. Norris despite Plaintiff's use of the term "Defendant Piano Mill." Defendant Norris may raise the affirmative defenses and counterclaims previously asserted by the LLC. Defendant Norris's Answer and any counterclaim shall be filed no later than September 17, 2020.

If the LLC seeks to intervene in this dispute, it may, in the same time period, file a motion for leave to intervene pursuant to Fed. R. Civ. P. 24, with a proposed "pleading that sets out [the LLC's] claim or defense for which intervention is sought." See Fed. R. Civ. P. 24(c).

The parties are directed to refer to Mr. Norris by his surname in future filings, and not as Defendant Piano Mill.

IT IS SO ORDERED.

September 1, 2020                                            /s/ Indira Talwani
                                                             United States District Judge