# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

GIBSON FOUNDATION, INC.,          *
                                  *
A Delaware Corporation,           *
                                  *   CIVIL ACTION FILE NO.
                                  *
        Plaintiff,                *   1:20CV10682-IT
                                  *
vs.                               *
                                  *
ROB NORRIS d/b/a THE PIANO MILL, a *
Citizen of Massachusetts,         *
THE PIANO MILL GROUP, LLC         *
                                  *
        Defendants                *

**PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR
ADMISSIONS**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, Plaintiff Gibson Foundation,

Inc. by its counsel, responds as follows to Defendant Rob Norris d/b/a The Piano Mill's First Set

of Requests for Admissions, dated December 10, 2020:

**RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**

**Admission No. 1:**

Admit that Exhibit "A" is a true and correct copy of an email exchange between Tom Dorn, Jim

Felber and Rob Norris acknowledging the pick-up of the subject piano on a date prior to July 14,

2011.

**Response:**

Admitted.  Gibson does not admit to the truth of the matter asserted contained in the email.

**Admission No. 2:**

Admit that Exhibit "B" is a true and correct copy of an email exchange between Tom Dorn and Rob Norris, dated March 17, 2015, disputing ownership of the subject piano.

**Response:**

Admitted.   Gibson docs not admit to the truth of the matter asserted contained in the email exchange.

**Admission No. 3:**

Admit that Exhibit "C" is a true and correct copy of an email exchange between Bruce Mitchell and Rob Norris, dated June 8 and June 26, 2015 through which Bruce Mitchell, on behalf of Gibson, threatened to initiate legal action against Rob Norris individually and his company.

**Response:**

Admitted to a true and correct copy of the email exchange.   Gibson denies any threat of initiating legal action or any other truth of the matter asserted in the email exchange.

**Admission No. 4:**

Admit that Exhibit "D" is a true and correct copy of an email sent by Bruce Mitchell, on behalf of Gibson, dated June 8, 2015, demanding that Rob Norris "provide and facilitate the return of this Piano to Gibson." "Failure to do so will result in Gibson taking immediate legal action, availing itself of all remedies.".

**Response:**

Admitted.  Gibson does not admit to the truth of the matter asserted contained in the email.

**Admission No. 5:**

Admit that Exhibit "E" is a true and correct copy of an email exchange between Tom Dorn and Rob Norris, dated February 12, 2015.

**Response:**

Admitted. Gibson does not admit to the truth of the matter asserted contained in the email exchange.

**Admission No. 6:**

Admit that Exhibit "F" is a true and correct correspondence, with attached Complaint, dated April 29, 2019 from counsel for Gibson to counsel for Rob Norris, no only setting forth Massachusetts citations for Breach of Contract, but also setting forth "Your failure to do so could result in litigation in federal court, via the complaint attached hereto."

**Response:**

Admitted.

**Admission No. 7:**

Admit that the Complaint attached to the correspondence in Exhibit "F" is captioned: UNITED STATED DISTRICT COURT DISTRICT OF MASSACHUSETTS.

**Response:**

Admitted.

**Admission No. 8:**

Admit that the correspondence in Exhibit "F" sets forth the intention of initiating civil litigation, however, also sets forth "In addition to the above civil complaint, Gibson may report The Piano Mill for a potential count of criminal larceny. See M.G.L. c. 266 §25.

**Response:**

Admitted.


**Admission No. 9:**

Admit that Exhibit "G" is a true and accurate copy of the lawsuit that the Plaintiff initiated against the Defendant on December 11, 2019 in the United States District Court, Middle District of Tennessee, Nashville Division which was served on the Defendant in Massachusetts on January 19, 2020.

**Response:**

Admitted.

**Admission No. 10:**

Admit that there is no written contract between the Plaintiff, or its predecessor in interest, and the Defendant regarding the subject piano.

**Response:**

Denied.

**Admission No. 11:**

Admit that there is no written bailment agreement between the Plaintiff, or its predecessor in interest, and the Defendant regarding the subject piano.

**Response:**

Denied.

**Admission No. 12:**

Admit that there is no written warehousing agreement between the Plaintiff, or its predecessor in interest, and the Defendant regarding the subject piano.

**Response:**

Denied.

**Admission No. 13:**

Admit that between July 2011 and present, the Plaintiff, or its predecessor in interest never contributed financially to the insurance of the subject piano.

**Response:**

Plaintiff lacks sufficient knowledge and information to admit or deny this request.

**Admission No. 14:**

Admit that between July 2011 and the present the Plaintiff, or its predecessor in interest never contributed financially to the cost of transporting the subject piano from New York to Massachusetts.

**Response:**

Plaintiff lacks sufficient knowledge and information to admit or deny this request.

**Admission No. 15:**

Admit that between July 2011 and the present, the Plaintiff or its predecessor in interest never contributed financially to the repair nor the restoration of the subject piano.

**Response:**

Plaintiff lacks sufficient knowledge and information to admit or deny this request.

**Admission No. 16:**

Admit that the Plaintiff, or its predecessor in interest, never produced any documentary evidence that affirmatively established ownership in the subject piano in favor of the Plaintiff's claim of ownership.

**Response:**

Denied.

**Admission No. 17:**

Admit that the Plaintiff, or its predecessor in interest, never produced any documents of origin regarding the subject piano for the time period from its initial manufacture up to and including July 2011.

**Response:**

Admitted.

**Admission No. 18:**

Admit that since July 2011, the Defendant, Norris, et al., has had sole possession of the subject piano and has solely borne all related costs involving insurance, maintenance, and repairs.

**Response:**

Plaintiff lacks sufficient knowledge and information to admit or deny this request.

**Admission No. 19:**

Admit that the Plaintiff, or its predecessor in interest, did not deliberately choose the Piano Mill facility in Rockland, Massachusetts as its intended destination to display and store the subject piano once owned by the world famous Liberace.

**Response:**

Plaintiff lacks sufficient knowledge and information to admit or deny this request.

**Admission No. 20:**

Admit that the subject piano was located in the Hammerstein ballroom, New York, while that location was under reconstruction during July 2011.

**Response:**

Admitted.

**Admission No. 21:**

6

Admit that the subject piano was in disrepair as of July of 2011.

**Response:**

Denied.

**Admission No. 22:**

Admit that the subject piano needed to be removed from its New York location for reasons that included the progress of the Hammerstein Ballroom reconstruction.

**Response:**

Plaintiff lacks sufficient knowledge and information to admit or deny this request.

**Admission No. 23:**

Admit that the subject piano was destined for disposal.

**Response:**

Denied.

**Admission No. 24:**

Admit that the Plaintiff, or its predecessor in interest never demanded the return of the subject piano during the end of 2011 or in 2012, 2013 and 2014.

**Response:**

Admitted.

**Admission No. 25:**

Admit that the first demand for the return of the subject piano was made on or about June 2015.

**Response:**

Admitted.

**Admission No. 26:**

Admit that on or about June 2015 the Defendant, through counsel, refused to render the subject piano to the Plaintiff or its predecessor in interest.

**Response:**

Admitted.

**Admission No. 27:**

Admit that Exhibit "H" is a true and accurate copy of the correspondence between former counsel for the Defendant and counsel for the Plaintiff, dated June 26, 2015.

**Response:**

Admitted. Gibson does not admit to the truth of the matters asserted contained in the correspondence.

Respectfully submitted, this 8 day of January 2021.

/s/*Andrea E. Bates*
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com

Attorneys for Plaintiff
GIBSON FOUNDATION, INC.

## CERTIFICATE OF SERVICE

I certify that on January 8, 2021, I served via email to counsel of record these Responses to First Set of Requests for Admission.


/s/*Andrea E Bates*
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com

9