UNITED STATES DISTRICT COURT OF MASSACHUSETTS
BOSTON DIVISION

GIBSON FOUNDATION, INC.,                )
A DELAWARE CORPORATION,                 )
                                        )
                                        )   Case No. 1:20-CV-10682-IT
        Plaintiff,                      )
                                        )
vs.                                     )
                                        )
ROB NORRIS D/B/A THE PIANO MILL, A      )
CITIZEN OF MASSACHUSETTS; THE           )
PIANO MILL GROUP, LLC                   )
                                        )
        Defendants.                     )

## GIBSON'S STATEMENT OF UNDISPUTED MATERIAL FACTS

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, Plaintiff Gibson Foundation, Inc.

("Foundation") submits this Statement of Undisputed Material Facts in support of its Motion for

Summary Judgment on all claims asserted by the Foundation and all counterclaims asserted by

Defendants Rob Norris d/b/a The Piano Mill ("Norris") and The Piano Mill Group, LLC

("LLC").

|   | Point Marked | Citation | Disputed Portion |
|---|---|---|---|
| 1 | Gibson came to own the Baldwin and the rhinestone | Schuettinger Decl. Ex. K[1] at 45:16-23, 68:24-69:10; Gueikian Decl. at ¶5 and Ex. M[2] | |

[1] The Foundation offers Exhibit K, relevant portions of Gibson Brand Inc.'s Brand President Cesar Gueikian's deposition testimony, as relevant evidence under the Federal Rules of Evidence ("FRE") 401, as the excerpts tend to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action.  Further, the Foundation offers Exhibit K to show that statements occurred—not for the truth of the matter asserted therein.  Consequently, this Exhibit is non-hearsay pursuant to FRE 801.

[2] The Foundation offers Exhibit M, the Asset Purchase Agreement between General Electric Capital Corporation and Baldwin Piano and Organ Company, as relevant evidence pursuant to FRE 401 as the agreement has the tendency to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action. Further, the Foundation offers Exhibit M as a Business Record under FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

| | | | |
|---|---|---|---|
| | covered model SD10 9' concert grand piano that was owned by the world-renowned pianist Liberace ("Liberace Piano") by way of an Asset Purchase Agreement ("APA"), including the sale of all personal property, executed on October 15, 2001, between buyer General Electric Capital Corporation ("GECC") and Baldwin. | | |
| 2 | In November 2001, the Assignment and Assumption | Gueikian Decl. Exs. N[3] and O[4] | |

---

[3] The Foundation offers Exhibit N, the Assignment and Assumption Agreement between General Electric Capital Corporation and Gibson Piano Ventures, Inc., as relevant evidence pursuant to FRE 401 as the agreement has the tendency to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action. Further, the Foundation offers Exhibit N as a Business Record under FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

[4] The Foundation offers Exhibit O, the Bill of Sale from Baldwin Piano & Organ Company and Baldwin Trading Company to Gibson Piano Ventures, Inc., as relevant evidence pursuant to FRE 401 as the agreement has the tendency to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action. Further, the Foundation offers Exhibit O as a Business Record under FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

| | | | |
|---|---|---|---|
| | Agreement, executed by GECC, assigned all right, title, and interest in the APA to Gibson, and a Bill of Sale to Gibson for all assets was executed by Baldwin in November 2001. | | |
| 3 | On June 20, 2011, Tom Dorn ("Dorn"), a Baldwin employee, emailed Norris regarding two Baldwin concert grand pianos available for purchase.  Norris responded that while he was unable to pay the $30,000.00 purchase price, he wanted one that he could "use for symphony rentals and promotional opportunities," that he'd like to come up with a "creative arrangement" to provide "great opportunities for both Piano Mill AND Baldwin,"  and mentioned that he had "a full service restoration shop" and would be able to do | Gueikian Decl. ¶ 17, Ex. L[5] at Bates Nos. 000050-000051 | |

---

[5] The Foundation offers Exhibit L, the copies of emails produced in discovery in this case, as relevant evidence pursuant to FRE 401 as the emails have the tendency to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action.  Further, Foundation offers Exhibit L as Statements of a Party Opponent being offered against an opposing party, as they are statements made by Defendant Norris.

| | | | |
|---|---|---|---|
| | any restorations needed to get "a road worn concert grand […] concert level play and back on the road." | | |
| 4 | Norris then had telephone conversations with Dorn, and Jim Felber ("Felber"), a Gibson employee at the time, regarding the housing of the Liberace Piano, wherein during one conversation Dorn relayed the offer of Gibson's desire for a "long term loan" arrangement for Norris to use the piano as a showroom piece if he was able to pick it up from its current location at the Hammerstein Ballroom in New York, New York. | Gueikian Decl. ¶ 18; Schuettinger Decl. Ex. A[6] at 25:5-26:18 and Ex. B[7] at 16:20-17:8, 17:18-21 | |

---

[6] The Foundation offers Exhibit A, relevant portions of Defendant Rob Norris' deposition testimony, as relevant evidence pursuant to FRE 401 as the statements included therein have the tendency to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action.  Further, Foundation offers Exhibit A as Statements of a Party Opponent being offered against an opposing party, as they are statements made by Defendant Norris.

[7] The Foundation offers Exhibit B, relevant portions of Gibson Brands Inc.'s Director of Customer Service and Director of Product Development Jason Davidson's deposition testimony, as relevant evidence under the FRE 401, as the excerpts tend to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action.  Further, the Foundation offers Exhibit B to show that statements occurred—not for the truth of the matter asserted therein.  Consequently, this Exhibit is non-hearsay pursuant to FRE 801.

| | | | |
|---|---|---|---|
| 5 | On June 28, 2011, Felber confirmed via email to Dorn that Norris may be interested in housing the Liberace Piano under a long term loan agreement with Piano Mill that would benefit both parties. | Gueikian Decl. Ex. L at Bates No. 000003-000004 | |
| 6 | Norris hired subcontractors who, for less than $5,000.00, moved the Liberace Piano from its location in New York and delivered it to Norris at Piano Mill in Massachusetts the same day. | Schuettinger Decl. Ex. A at 27:4-29:10 | |
| 7 | On July 14, 2011, Norris emailed Dorn and Felber to confirm the Liberace Piano had been picked up and delivered to his shop in Massachusetts, thanked them both for the "opportunity," stated he "would like to use it in conjunction with promotional Baldwin sales as well as occasionally renting it out to name acts," that he would keep them "apprised of any such happenings," | Gueikian Decl. Ex. L at Bates No. 000009 | |

| | | | |
|---|---|---|---|
| | and asked "[i]s it okay to make some cosmetic repairs as well as to do some fine regulation to the action?" to which Felber responded that they were "OK with repairs" and he would get together with Norris and Dorn regarding future promotion ideas. | | |
| 8 | Since 2011, the Liberace Piano has brought people into the Piano Mill store and has garnered media attention for Norris and the LLC, including a Boston.com article published May 20, 2013, about the Liberace Piano being used in the film *Behind the Candelabra*, of which Gibson | Schuettinger Decl. Exs. A at 49:3-5; 53:11-54:7, 80:1-11, 80:22-81:2, E[8] at Bates No. 000030-000032; Gueikian Decl. Exs. L at Bates Nos. 000010-000012, and Q[9] at Bates Nos. 000028-000029 | |

---

[8] The Foundation offers Exhibit E, the Letter sent to Philip R. Schatz of Wollmuth Maher & Deutsch LLP, counsel for Norris, from Bates & Bates, LLC, counsel for Gibson, on April 29, 2019, as relevant evidence under the FRE 401, as the Letter tends to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action.  Further, the Foundation offers Exhibit E to show that statements occurred—not for the truth of the matter asserted therein.  Consequently, this Exhibit is non-hearsay pursuant to FRE 801.  Even where the Court may find the statements are hearsay, Exhibit E falls under the Business Record Exception FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

[9] The Foundation offers Exhibit Q, the Loaner Agreement between Gibson and Mr. Showmanship Productions, LLC, as relevant evidence pursuant to FRE 401 as the agreement has the tendency to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action. Further, the Foundation offers Exhibit Q as a Business Record under FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

| | | | |
|---|---|---|---|
| | loaned the piano out to Mr. Showmanship Productions for in 2012, wherein Norris states "I'm the indefinite custodian of it." | | |
| 9 | On February 11, 2015, Dorn emailed Norris regarding upcoming Broadway promotions that Gibson wanted to loan out the Liberace Piano for and to check on the piano after Piano Mill's roof collapsed under heavy snowfall, to which Norris replied that the Liberace Piano was "unscathed" and that he'd "leave it on piano board if there are plans of pick up." | Gueikian Decl. Ex. L at Bates No. 000011-000012 | |
| 10 | On February 12, 2015, Norris followed up with another email to Dorn stating "the engineers are calling the building a total loss," that there was "sufficient coverage on the building but not on the contents," and "at least 800,000 to 1 mil in inventory" still in the shop, and asked, "[w]ould the folks at Gibson be willing to have | Gueikian Decl. Ex. L at Bates Nos. 000010-000011 | |

| | | | |
|---|---|---|---|
| | the Liberace auctioned off with proceeds donated to Piano Mills reconstruction and restoration of all the other pianos," suggesting "[t]here will probably never be a better time for this considering all the national press and it sure would be great press for Gibson." | | |
| 11 | Dorn responded on February 12, 2015, that he did not think Gibson would agree to auction off the Liberace Piano because Gibson "started coming up with ways to use this showpiece instrument," which "is committed to multiple engagements in the near future," and "is an asset that is valued at approximately $500K that is irreplaceable." Dorn further inquired if Norris had signed a loan agreement regarding the Liberace Piano. | Gueikian Decl. Ex. L at Bates No. 000010 | |
| 12 | Norris replied on February 12, 2015, saying "nothing was ever signed" and "Jim literally just said if you can come | Gueikian Decl. Ex. L at Bates No. 000010 | |

| to the Hammerstein and get it out its all yours." | | |
|---|---|---|

| 13 | On March 13, 2015, Norris claimed that the Piano was going to be used for his "big fundraising event," that he | Gueikian Decl. Ex. L at Bates Nos. 000013-000014 | |

| | | |
|---|---|---|
| was "not willing to release this piano," and that Felber "specifically said the piano was all mine if I could get it out of the 3rd floor of the ballroom in NYC where it was located." | | |

| 14 | On March 22, 2019, and April 29, 2019, Gibson Brands, Inc. sent to Norris demand letters for the Liberace Piano to be returned to Gibson and stating Gibson was ending the bailment relationship. | Schuettinger Decl., Exs. D, and E | |
|---|---|---|---|

| 15 | On May 19, 2019, Norris responded, through counsel, claiming he was the owner of the Liberace Piano. | Schuettinger Decl., Ex. F[10] | |

---

[10] The Foundation offers Exhibit F, the Letter sent to counsel for Gibson, Bates & Bates, LLC, from counsel for Norris, David M. Spillane of Spillane Kane Barden on May 19, 2019, as relevant evidence under the FRE 401, as the Letter tends to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action. Further, the Foundation offers Exhibit F to show that statements occurred—not for the truth of the matter asserted therein. Consequently, this Exhibit is non-hearsay pursuant to FRE 801. Even where the Court may find the statements are hearsay, Exhibit F falls under the Statement of a Party Opponent FRE 801(d)(2)(D), as the statements made in the letter were made by Defendant Norris' agent on a matter within the scope of that relationship and while it existed.

| 16 | Between August 8, 2019, and October 8, 2019, Gibson Brands, Inc. communicated with Norris through several additional letters attempting, yet ultimately failing, to reach an agreement regarding the Liberace Piano. | Schuettinger Decl., Exs. G[11], H[12], and I[13] | |

---

[11] The Foundation offers Exhibit G, the Letter sent to counsel for Norris, David M. Spillane of Spillane Kane Barden, from Bates & Bates, LLC, counsel for Gibson, on August 8, 2019, as relevant evidence under the FRE 401, as the Letter tends to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action.  Further, the Foundation offers Exhibit G to show that statements occurred—not for the truth of the matter asserted therein.  Consequently, this Exhibit is non-hearsay pursuant to FRE 801.  Even where the Court may find the statements are hearsay, Exhibit G falls under the Business Record Exception FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

[12] The Foundation offers Exhibit H, the Letter sent by counsel for Norris, David M. Spillane of Spillane Kane Barden to Bates & Bates, LLC, counsel for Gibson, on August 24, 2019, as relevant evidence under the FRE 401, as the Letter tends to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action.  Further, the Foundation offers Exhibit H to show that statements occurred—not for the truth of the matter asserted therein.  Consequently, this Exhibit is non-hearsay pursuant to FRE 801.  Even where the Court may find the statements are hearsay, Exhibit H falls under the Statement of a Party Opponent FRE 801(d)(2)(D), as the statements made in the letter were made by Defendant Norris' agent on a matter within the scope of that relationship and while it existed.

[13] The Foundation offers Exhibit I, the Letter sent by counsel for Gibson, Bates & Bates, LLC, to counsel for Norris, David M. Spillane of Spillane Kane Barden on October 9, 2019, as relevant evidence under the FRE 401, as the Letter tends to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action.  Further, the Foundation offers Exhibit I to show that statements occurred—not for the truth of the matter asserted therein.  Consequently, this Exhibit is non-hearsay pursuant to FRE 801.  Even where the Court may find the statements are hearsay, Exhibit I falls under the Business Record Exception FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

| 17 | On November 11, 2019, a Bill of Sale for the Liberace Piano was executed from Gibson to the Foundation, and on November 19, 2019, the Foundation sent a letter to Norris informing him of such transfer and stating that the Foundation wanted the Liberace Piano back so it could auction it off at a special charity auction to raise money for the Foundation's programs. | Gueikian Decl. Ex. P[14]; Schuettinger Decl., Ex. J[15] | |
| 18 | Sometime around 2012, Norris transferred possession of the Liberace Piano to the LLC without executing a Bill of Sale, and without Gibson or the Foundation's | (Schuettinger Decl., Ex. A at 94:14-23; Gueikian Decl., ¶ 16 | |

---

[14] The Foundation offers Exhibit P, the Bill of Sale from Gibson Brands, Inc. to Gibson Foundation, Inc., as relevant evidence pursuant to FRE 401 as the agreement has the tendency to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action. Further, the Foundation offers Exhibit P as a Business Record under FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

[15] The Foundation offers Exhibit J, the letter sent by counsel for Gibson, Bates & Bates, LLC, to counsel for Norris, David M. Spillane of Spillane Kane Barden on November 19, 2019, as relevant evidence under the FRE 401, as the Letter tends to make the Foundation's ownership of the Piano more likely and such issue is of consequence in determining this action. Further, the Foundation offers Exhibit J to show that statements occurred—not for the truth of the matter asserted therein. Consequently, this Exhibit is non-hearsay pursuant to FRE 801. Even where the Court may find the statements are hearsay, Exhibit J falls under the Business Record Exception FRE 803(6), as the record was made contemporaneously by someone with knowledge; the record was kept in the course of regularly conducted activity of a business; and where the making of such record was a regular practice of that activity.

| | | | |
|---|---|---|---|
| | knowledge or consent. | | |
| 19 | To date, Norris and/or the LLC are still in possession of the Liberace Piano and have refused to return same, which has caused The Foundation to lose out on: Broadway promotions and other promotional opportunities, ownership rights and possession of the piano, and charitable opportunities including not being able to auction off the Liberace Piano for charitable purposes. | Schuettinger Decl., Ex. A at 14:4-9; 94:14-23; Gueikian Decl. ¶¶ 20-21 | |
| 20 | There have been no Bills of Sale, or any other written instrument, concerning the Liberace Piano executed by the Foundation or its predecessors in interest since 2001. | Gueikian Decl. ¶ 19 | |
| 21 | Because of Norris' failure to return the Liberace Piano, Gibson missed the promotion opportunity it had on Broadway in 2015. | Gueikian Decl. ¶ 20 | |

|  |  |  |  |
|--|--|--|--|
|  |  |  |  |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 28, 2021, I electronically filed the foregoing paper with the Clerk of Court using the ECF system, which will send notification of such filing to counsel of record.


Dated: January 28, 2021

/s/ *Andrea E Bates*
Andrea E. Bates
*Pro Hac Vice*
Kurt Schuettinger
*Pro Hac Vice*
Bates & Bates, LLC
1890 Marietta Boulevard NW
Atlanta, Georgia 30318
Telephone: (404) 228-7439
Facsimile: (404) 963-6231
abates@bates-bates.com
kschuettinger@bates-bates.com

Attorneys for Plaintiff
GIBSON FOUNDATION, INC.