# EXHIBIT 8

**Exhibit A**



000027



## Loaner Agreement

Gibson Guitar Corp. ("Gibson") maintains a stock of instruments and other merchandise ("the Merchandise") in the Entertainment Relations Office. The Merchandise at this office is available to Mr. Showmanship Productions, LLC ("the Borrower") for limited periods of time for evaluation, recording sessions, video and movie shoots, etc. The Merchandise is not given away or sold to fulfill Gibson's obligations under endorsement contracts. The Merchandise is not to be taken as a long term loaner substituting for merchandise which has been ordered, but which is back ordered.

| *Quantity* | *Description* | *Value* | *Serial Number* |
|---|---|---|---|
| 1 | Liberace Baldwin 9ft Grand Piano- SD10 | | #213449 2259 |
| 1 | Baldwin 7ft Grand Piano SF10 | | |
| 1 | Custom Baldwin 7ft Grand Piano SF10 | | |
| | | | |
| | | | |

In accepting the loan of the Merchandise from Gibson, the Borrower understands that the item or items remain the property of Gibson. The Borrower agrees and understands that the Gibson Trademarks displayed on the borrowed Merchandise, including but not limited to any and all logos, brand names, ("Intellectual Property") shall not be modified, obscured, blacked-out, or hidden during the Term of the Agreement or in any and all reproductions thereof.  Borrower may not use Gibson's Intellectual Property in any way that tarnishes, blurs, or dilutes the quality of Gibson's Intellectual Property or any associated goodwill. The Borrower accepts responsibility for returning the borrowed Merchandise on or by the due date agreed upon as listed below in the same condition as the Merchandise was when it was loaned to the Borrower, reasonable wear and tear excepted. In the event the Merchandise is returned and requires repairs, the Borrower agrees to pay for the cost of such repairs and consents to the costs being charged to his or her credit card listed below.  If the Merchandise is lost, stolen or damaged during the term of the loan, the Borrower shall pay Gibson to repair the Merchandise if damaged or pay the replacement value, whichever applies and is less, plus applicable shipping and tax charges for the Merchandise and consents to these amounts being charged to his or her credit card listed below.

Borrower consents to having all amounts due under this Gibson Loaner Policy and Consignment Agreement ("this Agreement") charged to his or her credit card listed below:

If any charges due under this Agreement are not approved for payment, Borrower agrees to submit payment in full by a certified check immediately upon notification.

**DATE OUT:** _____7/25/12_____      **DUE DATE:** _____9/7/12_____

**Authorized Representative:**

I, MICHAEL POLAIRE, have read, understand and agree to the terms listed above. I hereby certify and acknowledge receipt of the above listed merchandise.

RECEIVED ABOVE MERCHANDISE:

Signature: _____

Name: MR. Showmanship Pro LLC. (MICHAEL POLAIRE)

Title: PRODUCER

Date: 8/23/2012

**Credit Card Information:**

Name on Card: _____

Mailing Address (Must be that of Card Holder): _____

CC Type: _____

CC Number: _____

Verification Code: _____

Expiration Date: _____

000029




## MATERIALS RELEASE AGREEMENT

This Agreement is entered into on this _____ day of July 2012 ("Effective Date") between **Gibson Guitar Corp.**, a Delaware Corporation having an address at 309 Plus Park Boulevard, Nashville, Tennessee 37217 (together with all of its affiliates and successors, hereinafter "GIBSON") and _____ having an address at _____ hereinafter ("COMPANY").

**WHEREAS**, Company desires to use certain intellectual property materials (the "Materials") of Gibson as displayed on the items set forth in Annex I to this Agreement (the "Materials") for use in the motion picture entitled "Behind the Candelabra" (the "Project");

**WHEREAS** Gibson, manufactures and has rightful ownership over the Materials; and

**WHEREAS** Company requests permission to use such Materials and Gibson grants permission to such use such Materials for the Project.

**NOW, THEREFORE**, the parties hereto, in consideration of the promises contained herein, and other good and valuable consideration, the receipt of which hereby is acknowledged by each party to the other, hereby agree as follows:

Gibson hereby grants to Company a non-exclusive license to use the Materials set forth in Annex A solely in connection with the Project as set forth in Annex B.

1. Except as expressly provided herein, all rights, title, or interest which are held by Gibson in, to and in connection with the Materials are reserved by Gibson. This Agreement does not transfer or assign any ownership rights in the Materials to Company and Gibson is free to exercise, exploit, or otherwise use its rights concurrently, throughout the world, in perpetuity, without limitation.

2. Gibson is the sole exclusive owner of the Materials and all goodwill that may result from the use of the Materials within the Project shall inure to the benefit of Gibson. Company acknowledges and agrees that it has no right, express or implied, to the Materials except for use in connection with the Project and that Gibson retains all right to the Materials, express or implied, without qualification, not expressly granted herein. Company will not challenge the rights of Gibson to the Materials. Gibson acknowledges and agrees that it shall not acquire any rights in and to the Project.

3. Gibson represents and warrants that (i) it has full right, power, and authority to enter into this Agreement and to grant Company the rights granted herein; (ii) it owns or controls any and all intellectual property rights relating to the Materials in the US; and (iii) the consent of no other person or entity is necessary for Gibson to enter into and fully perform this Agreement; Company represents and warrants that (i) it has full right, power, and authority to enter into this Agreement; and (ii) it shall only use the Materials in connection with the Project and for no other purpose.

4. Company shall not use any of the Materials in any way or do or permit any act to be done which would or might:
    a. Prejudice the right or title of Gibson to any of the Intellectual Property Rights;
    b. Allow any of the Intellectual Property Rights to become generic, lose their distinctiveness or become liable to mislead the public; and
    c. Be detrimental to or inconsistent with the good name, goodwill, reputation and image of Gibson.

5. Company agrees to display in connection with the Materials, the copyright or trademark notices that may reasonably be requested by Gibson.

6. This Agreement shall be interpreted in accordance with the laws of the State of Tennessee without reference to its conflict of law rules. The parties agree that the federal and state courts of Davidson County, Tennessee will have exclusive jurisdiction over all disputes relating to or arising out of the subject matter of this Agreement.

7. If any condition, term, or covenant of this Agreement shall at any time be held to be void, invalid, or unenforceable, such condition, covenant or term shall be construed as severable and shall in no way affect or render any other condition, covenant or term of this Agreement, which shall remain in full force and effect. In no event shall the name Gibson or the trademark GIBSON be used in advertising or promotion of the Project.

8. The failure of any party to partially or fully exercise any rights or the waiver of any party of any breach shall not prevent a subsequent exercise of such right or be deemed a waiver of any subsequent breach of the same or any term of this Agreement.

9. This Agreement constitutes the entire agreement between the parties and cannot be modified except by a written instrument signed by the parties. Unless and until the parties enter into a more formal agreement, this Agreement shall constitute a binding agreement between the parties, shall supersede any prior contemporaneous agreements, and may not be waived or amended, except by a written instrument. This Agreement may be executed in one or more separate counterparts, each of which, when so executed, shall be deemed to be an original. Such counterparts shall, together, constitute and be one and the same Agreement.

10. Any notices, requests, demands and other communications hereunder shall be in writing and shall be deemed to have been duly given if delivered by hand or mailed by overnight delivery, first class, registered or certified mail, return receipt requested, postage and registry fees prepaid, addressed:

| If to GIBSON: | If to COMPANY: |
|---|---|
| Gibson Guitar Corp. | _____ |
| 309 Plus Park Boulevard | _____ |
| Nashville, TN 37217 | _____ |
| Attn: Legal Department | Attn: _____ |

By signing in the spaces provided below, the parties accept and agree to all of the terms and conditions hereof.

**AGREED TO AND ACCEPTED:**

("GIBSON")                                    ("COMPANY")

By: _____        By: _____
Name: _____        Name: _____
Title: _____        Title: _____
Date: _____        Date: _____

# ANNEX A
# MATERIALS

- The following trademarked logo:



- Images of Baldwin Piano

## ANNEX B
## PROJECT DESCRIPTION

A motion picture entitled "Behind the Candelabra" and the in-context promotion and advertising thereof.