UNITED STATES DISTRICT COURT OF MASSACHUSETTS
BOSTON DIVISION

| | |
|---|---|
| GIBSON FOUNDATION, INC., A DELAWARE CORPORATION, <br><br> Plaintiff, <br><br> vs. <br><br> ROB NORRIS D/B/A THE PIANO MILL, A CITIZEN OF MASSACHUSETTS; THE PIANO MILL GROUP, LLC <br><br> Defendants. | Case No. 1:20-CV-10682-IT |

## FINAL JUDGMENT

On Joint Motion of the parties, the Court enters this FINAL JUDGMENT and ORDERS, ADJUDGES and DECREES as follows:

Gibson Foundation, Inc.("Foundation"), as plaintiff, filed suit against Rob Norris D/B/A The Piano Mill, A Citizen of the United States ("Norris") (DKT#1) and later amended its claim to include The Piano Mill Group, LLC ("Piano Mill" and with Norris, the "Piano Mill Defendants") (DKT#61). Foundation asserts claims for the recovery of a certain Baldwin SD10 piano of historical note based on its association with the concert pianist Liberace (the "Liberace Piano") (serial number 255848) currently possessed by the Piano Mill Defendants. Foundation claims the right to recover the Liberace Piano from the Piano Mill Defendants under the theories of breach of contract, breach of bailment and conversion. The Piano Mill Defendants deny the Foundation's material factual allegations, assert affirmative defenses, and assert counterclaims against the Foundation. (DKT#62). The Piano Mill Defendants counterclaim for abuse of process and

separately for declaratory and equitable relief, specifically that they or one of them be declared the owner of the Liberace Piano.

By opinion and order dated May 25, 2022, the Court granted summary judgment dismissing all of Foundation's claims and Piano Mills Defendants' Abuse of Process counterclaim. (Dkt#112). The effect of such order was that the only claims remaining are the Piano Mills Defendants' counterclaims for declaratory and equitable relief as to the Liberace Piano's ownership. The Court has advised the parties of its view that it can not issue an order binding any person or entity other than the parties before the Court.

By motion filed, the Piano Mill Defendants have advised the Court that they withdraw, without prejudice to refiling in the event of a remand of this matter after appeal, their counterclaims for declaratory relief and equitable relief. Accordingly, no live claims remain, and the Court enters the following final relief. The Court ORDERS Foundations claims DISMISSED and grants Foundation no relief based on those claims. As a practical corollary of such dismissal, the Court FINDS, ORDERS, ADJUDGES and DECREES that neither the Foundation nor its predecessors-in-interest, Gibson Brands, Inc. and the Baldwin Piano & Organ Co., has nor shall have any right of possession in the Liberace Piano, either as against the Piano Mill Defendants or their potential assigns.

Based on the parties' joint motion, however, the Court suspends the operation of such relief pending the outcome of any timely appeal filed by the parties with no bond required. Any sale or conveyance of the Liberace Piano during the pendency of the appeal by the Piano Mill Defendants shall be at risk of damages or injunction unless agreed to by the Foundation or otherwise ordered by the Court.

The Court awards costs of court to the Piano Mill Defendants.

The Court DENIES all other relief, specifically requested or not.

separately for declaratory and equitable relief, specifically that they or one of them be declared the owner of the Liberace Piano.

By opinion and order dated May 25, 2022, the Court granted summary judgment dismissing all of Foundation's claims and Piano Mills Defendants' Abuse of Process counterclaim. (Dkt#112). The effect of such order was that the only claims remaining are the Piano Mills Defendants' counterclaims for declaratory and equitable relief as to the Liberace Piano's ownership. The Court has advised the parties of its view that it can not issue an order binding any person or entity other than the parties before the Court.

By motion filed, the Piano Mill Defendants have advised the Court that they withdraw, without prejudice to refiling in the event of a remand of this matter after appeal, their counterclaims for declaratory relief and equitable relief. Accordingly, no live claims remain, and the Court enters the following final relief. The Court ORDERS Foundations claims DISMISSED and grants Foundation no relief based on those claims. As a practical corollary of such dismissal, the Court FINDS, ORDERS, ADJUDGES and DECREES that neither the Foundation nor its predecessors-in-interest, Gibson Brands, Inc. and the Baldwin Piano & Organ Co., has nor shall have any right of possession in the Liberace Piano, either as against the Piano Mill Defendants or their potential assigns.

Based on the parties' joint motion, however, the Court suspends the operation of such relief pending the outcome of any timely appeal filed by the parties with no bond required. Any sale or conveyance of the Liberace Piano during the pendency of the appeal by the Piano Mill Defendants shall be at risk of damages or injunction unless agreed to by the Foundation or otherwise ordered by the Court.

The Court awards costs of court to the Piano Mill Defendants.

The Court DENIES all other relief, specifically requested or not.

This is a Final Judgment, subject to appeal.

SO ORDERED.

SIGNED this 24 day of October, 2022.

_____
The Honorable Indira Talwani
United States District Judge
District of Massachusetts