UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 1:20CV10682-IT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| GIBSON FOUNDATION, INC., | \* |
| A Delaware Corporation, | \* |
|     Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| ROB NORRIS D/B/A THE PIANO | \* |
| MILL, a Citizen of Massachusetts, | \* |
| THE PIANO MILL GROUP, LLC, | \* |
|     Defendants/Plaintiffs in Counterclaim | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT PRE-TRIAL MEMORANDUM

1. **CONCISE SUMMARY OF THE EVIDENCE THAT WILL BE OFFERED**

   A. **The Foundation**

   1. Plaintiff's and/or Defendants' discovery responses;

   2. Plaintiff's and/or Defendants' documents produced in this proceeding;

   3. the August 4, 2021 Appraisal of the Liberace Piano;

   4. any communications between the Foundation and Gibson with Piano Mill or its counsel;

   5. communications between the Foundation and Gibson;

   6. the asset purchase agreement between General Electric Capital Corporation and Baldwin Piano and Organ Company;

   7. the assignment and assumption agreement between General Electric Capital Corporation and Gibson Piano Ventures, Inc.;

   8. the Bill of Sale between General Electric Capital Corporation and Baldwin Piano &

Organ Company;

9. the Bill of Sale between Gibson and the Foundation;

10. and the Loaner Agreement between Gibson Guitar Corp. and Mr. Showmanship Productions, LLC; and

11. Certain other documents relevant to this proceeding may also be introduced, including documents subject to pending Motions in Limine.

**B.    The Defendants**

The Defendants expect that the evidence offered at Trial will show:

1. Rob Norris d/b/a The Piano Mill and The Piano Mill Group, LLC (hereinafter "Norris") is a small business located in Rockland, MA engaged in a business that, among other functions, repairs, restores, and rents various pianos to customers;

2. During the summer of 2011, Norris made email inquiries to representatives at Baldwin regarding the availability of a Baldwin SD-10 Concert Grand Piano;

3. Norris was contacted via email by a representative from Baldwin informing Norris of the availability of two Baldwin BD275 HPE 9' Concert Grand pianos at a cost of $29,995;

4. Norris responded via email that he did not have $30,000.00 to buy a new piano, but rather he was looking into the availability of a road-worn SD-10 that needed remedial attention;

5. Norris was informed that an SD-10 was available and located in the Hammerstein Ballroom in New York;

6. In response, Norris sent Russ Delory and a moving crew from Massachusetts to New York to retrieve the subject piano on July 11, 2011;

7. Russ Delory was granted access to the Hammerstein Ballroom, he prepared the subject piano for transport, and removed the subject piano with no restrictions, no conditions, and was given

absolutely no paperwork nor documents to sign or bring back to Massachusetts for signature by Norris;

8. On July 14, 2011, Norris notified employees of Gibson that the subject piano had been successfully transported from New York to Rockland, Massachusetts;

9. Norris, in conjunction with Time Warner, transported the subject piano to the Manhattan Center in New York for a 2014 display with a placard reading "Courtesy of The Piano Mill, Rockland, MA";

10. It was not until June of 2015 that the plaintiff's predecessor in interest, Gibson Brands, Inc., demanded the return of the subject piano;

11. Norris has maintained continuous possession of the subject piano since July 2011 and claims ownership of the same; and

12. Norris also maintains he was never told by anyone at Gibson that he would not own the Piano.

**2.  FACTS ESTABLISHED BY PLEADINGS OR BY STIPULATIONS OR ADMISSIONS OF COUNSEL.**

　　**A.  The Foundation.**

1. The piano in controversy is a Baldwin SD-10 Concert Grand Piano;

2. The serial number of the subject piano is 255848;

3. The subject piano was played by world-famous artist, Liberace;

4. The subject piano was located in the Hammerstein Ballroom in New York during the summer of 2011;

5. In July 2011, Baldwin Piano, Inc. was a wholly owned subsidiary of Gibson Guitar Corp., which later became Gibson, Inc.

6. Baldwin Piano, Inc./Gibson, Inc. were in physical possession of the subject piano before it transferred it to Defendant Norris.

7. Defendant Norris was a Baldwin dealer in July 2011.

8. During July 2011, Defendant Norris transported the subject piano from the Hammerstein Ballroom in New York to Rockland, Massachusetts with the permission of Baldwin Piano, Inc./ Gibson, Inc.

9. On June 20, 2011, Defendant Rob Norris stated: "Piano Mill would still very much like to have a Baldwin concert grand to use for symphony rentals and promotional opportunities. Unfortunately[,] I am not currently in a position to shell out 30k to purchase one outright."

10. On June 14, 2011, Defendant Rob Norris stated: "We would like to use it in conjunction with promotional Baldwin sales as well as occasionally renting it out to name acts, etc." and "Is it okay to make some cosmetic repairs as well as to do some fine regulation to the action? We will certainly take great care of this."

11. During February 2015, the defendant Norris's facility sustained damage due to a roof collapse as the result of heavy snow load.

12. On February 11, 2015, Defendant Rob Norris stated: "I will leave it on piano board if there are plans of pick up (flight case is currently buried and my guess is not salvageable)" and "Would the folks at Gibson be willing to have the Liberace auctioned off with the proceeds donated to Piano Mill's reconstruction and restoration of all the other pianos."

13. Defendant Rob Norris refused to return the Liberace Piano and claimed ownership over it.

14. In June 2015, the Plaintiff's predecessor in interest demanded the return of the subject piano to Gibson, Inc.

15. Thereafter, Defendant Norris refused to return the subject piano to Gibson, Inc. and claimed ownership over it.

16. On November 11, 2019, Gibson, Inc. executed a bill of sale transferring ownership of the subject piano to Gibson Foundation d/b/a Gibson Gives.

17. In August 2021, Plaintiff Gibson Foundation, Inc., commissioned an examination and appraisal of the subject piano by a Massachusetts appraiser.

**B.     The Defendants**

The Defendants set forth that the following facts are established by the pleadings:

1. The subject piano is a Baldwin SD-10 concert grand piano that, during some time period up to July 2011 was located in the Hammerstein Ballroom in New York;

2. Subsequent to communications with representatives from Gibson Brands, Inc. and Baldwin, Norris, through his agent Russ Delory, transported the subject piano from New York to Rockland, Massachusetts on July 11, 2011;

3. The subject piano has remained in the possession of Norris continuously in Rockland, Massachusetts, since July of 2011, except for a brief display of the piano at the Manhattan Center in New York in 2014.

**3.     CONTESTED ISSUES OF FACT**

**A.     The Foundation.**

1. Whether the Foundation's predecessor-in-interest owned the Liberace Piano at the time Defendant took possession in 2011.

2. Whether the Foundation's predecessor-in-interest delivered the Liberace Piano to Defendant for a specific purpose(s).

3. Whether Defendant accepted delivery of the Liberace Piano for a specific purpose(s) with the express or implied promise the Liberace Piano would be returned.

4. Whether Defendants failed to return the Liberace Piano when Foundation's predecessor-in-interest demanded to do so.

5

5. Whether there was a meeting of the minds between the parties regarding a long-term loaner agreement related to the Liberace Piano.

6. Whether under the long-term loaner agreement the Foundation's predecessor-in-interest agreed to allow Defendants to store and house the Liberace Piano in exchange for Defendant agreeing to promote and showcase the Liberace Piano.

7. Whether Defendants are in breach of the agreement by failing to return the Liberace Piano.

8. Whether Defendants are in breach of the agreement by failing to promote the Liberace Piano.

9. Whether the Foundation has suffered damages by Defendants' breach of the agreement.

    **B.**    **The Defendants**

The Defendants contend that Norris not only has possession of the subject piano, however, based upon all of the underlying circumstances and credible admissible evidence, also has ownership of the subject piano.

**4.**    **QUESTIONS RAISED BY PENDING MOTIONS (other than Motions *in Limine*)**

    **A.**    **The Foundation**

The Foundation has a pending Motion to Take Demonstrative Pictures of the 9'FT Liberace Baldwin Piano to Use at Trial. Defendants oppose the motion.

    **B.**    **The Defendants, Plaintiffs in Counterclaim**

The defendants, plaintiffs in counterclaim, are unaware of any pending motions other than pre-trial Motions *in Limine*.

5.     **ISSUES OF LAW, INCLUDING EVIDENTIARY QUESTIONS, TOGETHER WITH SUPPORT AUTHORITY.**

    A.     **The Foundation.**

**The Foundation's Claims**—The Foundation has two primary claims before the Jury.

    <u>**Claim 1 - Breach of Bailment**</u>: "A bailment is 'the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed, and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it.'" *Little, Brown and Co. (Inc.) v. American Paper Recycling Corp.*, 824 F.Supp. 11, 15 (D. Mass. 1993) (quoting *Omni-Wave Electronics Corporation v. Marshall Industries*, 127 F.R.D. 644, 650 (D. Mass. 1989)). "To make out a *prima facie* breach of bailment case, the bailor must show 'delivery of the property to the bailee in good condition and the failure to redeliver upon timely demand.'" *Allianz Global Risks U.S. Ins. Co. v. J.A. Miara Transp., Inc.*, No. CIV.A. 08-11901-DPW, 2010 WL 4449583, at *3 (D. Mass. Nov. 4, 2010) (where parties did not have equal unrestricted access to the property, failure of bailee to redeliver the property created a presumption of negligence) (quoting *Knowles v. Gilchrist Co.*, 362 Mass. 642, 652 (Mass. 1972)). Thereafter, it becomes the duty of the bailee to "prove by a preponderance of the evidence that he has exercised due care to prevent the property's loss or destruction." *Id.*

    The Foundation will prove the existence of the bailment contract between the Foundation and Norris. There is also no dispute that Norris has failed to return the Liberace Piano to the Foundation and that the Liberace Piano is still in his possession. Therefore, the Foundation will make out a *prima facie* case of breach of bailment agreement against Norris, the bailee. *See Allianz Global Risks U.S. Ins. Co. v. J.A. Miara Transp., Inc.*, No. CIV.A. 08-11901-DPW, 2010 WL 4449583, at *4 (finding a presumption of negligence when bailee had exclusive control over the property).

    <u>**Claim 2- Breach of Contract**</u>: "To prove a breach of contract under Massachusetts law, a plaintiff must show 'that there was a valid contract, that the defendant breached its duties under the

contractual agreement, and that the breach caused the plaintiff damage.'" *Gibson Found., Inc. v. Norris*, 88 F.4th 1, 11–12 (1st Cir. 2023) (citing *Shaulis v. Nordstrom Inc.*, 120 F.Supp.3d 40, 54 (D. Mass. 2015) (quoting *Guckenberger v. Boston Univ.*, 957 F. Supp. 306, 316 (D. Mass. 1997)).

The Foundation will show at trial a valid, binding contract between the Foundation and Norris. Contracts may be express or implied. *See Sullivan v. O'Connor*, 81 Mass. App. Ct. 200, 212 (2012); *see also Price Chopper, Inc. v. Consolidated beverages, LLC*, Civil No. 09-10617-FDS, 2011WL901817, *4-5 (D. Mass. 2011). "Contracts, where possible, are to be construed to reach a sensible result." *Garbincius v. Boston Edison Co.*, 621 F.2d 1171, 1177 (1st Cir. 1980) (a contract's interpretation should not be at odds with the facts and common sense). Where a written contract is not executed, conduct over time is evidence that there was a contract. *See Burns & Levinson, LLP v. T&D Video, Inc.*, 20 Mass.L.Rptr. 270 (2005) (where there was no executed fee arrangement, attorneys were still entitled to payment for their services after the resolution of the case, as they had been in cases in the past). To have a valid contract, there must be an offer, an acceptance, and consideration. *See McCormick v. Lischynsky*, No. CV 19-10433-FDS, 2021 WL 1948089, at *5 (D. Mass. May 14, 2021) (an email exchange evidencing an offer, acceptance, and consideration constituted an enforceable contract between the parties). The Foundation will prove at trial the existence of a loaner agreement between the parties and that Defendants are in breach of the agreement.

**Foundations' Motion in Limine to Pre-Admit Plaintiff's Internal Emails**— In *Gibson Found., Inc. v. Norris*, 88 F.4th 1 (1st Cir. 2023), the First Circuit Court of Appeals acknowledged "evidence of internal e-mails between Gibson Brands employees [] tended to show the existence of a warehousing agreement between Gibson Foundation and Piano Mill." *Id.* at 13 n. 8. In the Motion, the Foundation requests a ruling that the emails are not hearsay and are admissible because they tend to show the existence of a warehousing agreement between the Foundation and Piano Mill. Under Fed. R. Evid. 104, a "court must decide any preliminary question about whether a witness is qualified,

8

a privilege exists, or evidence is admissible.  In so deciding, the court is not bound by evidence rules, except those on privilege." *Id.*  The Foundation asks the Court to find that the Emails meet the prerequisites for authenticity and admissibility. The parties stipulated that the emails are authentic.  In addition, Gibson's 901 Fed. R. Evidence witness, Jason Davidson, will authentic the emails as business records under 803 Fed. R. Evidence Business Records.  The motion is fully brief and opposed.

**Foundations' Motion in Limine to Exclude Reference to Bankruptcy Filing**— In the Motion, the Foundation asks the Court to exclude evidence relating to the Foundation's predecessors-in-interests' Chapter 11 bankruptcy.  Pursuant to Federal Rule of Evidence 401-403, the Court should exclude evidence and arguments relating to the bankruptcy.  Pursuant to Fed. R. Evid. 401, evidence is relevant only if it tends to make a fact more or less probable and that fact is of consequence in determining the action.  Fed. R. Evid. 401.  Here, any arguments relating to the Bankruptcy have no tendency to make any issue of consequence more or less likely.  More specifically, the parties are in agreement that the Foundation owned the Liberace Piano at the time Mr. Norris picked it up and brought it back to Piano Mill in 2011.  Nothing in the Bankruptcy changes that fact.

Federal Rule of Evidence 403 provides that even relevant evidence may be excluded if its probative value is substantially outweighed by unfair prejudice.  Fed. R. Evid. 403.  Here there is no probative value or relevant purpose for introducing arguments or evidence concerning the Bankruptcy.  In this regard, Defendants have no claim or defense before the Court related to the Bankruptcy that would make those filings relevant.  Moreover, any relevancy of the bankruptcy filings is substantially outweighed by the potential prejudice to the Foundation as it would result in a separate mini trial involving complex issues related to bankruptcy proceeding that would do nothing but confuse and mislead the jury.

**Defendants' Proposed Jury Instructions**—The Foundation objects to Defendants' Proposed Jury Instructions but cannot determine the issues of law as Defendants did not present any law in the Proposed Jury Instructions.

**Defendants' Motion in Limine Regarding Internal Emails**—The Foundation contends that the internal emails of Gibson Brands, Inc. and/or the Foundation are not hearsay or can come in by a hearsay exception. First, as the Foundation has not offered these emails into evidence yet, it cannot be determined, at this point, whether the Foundation will offer the emails to prove the matter asserted or to show intent or provide context. If not offered for the matter asserted, the emails are not hearsay. Fed. R. Evid. 801(c). The internal emails may also be subject to multiple hearsay exceptions. The First Circuit has held that "out-of-court statements by a customer or employee may be admissible under Rule 803(3) to show intent or motive." *See Packgen v. Berry Plastics Corp.*, 847 F.3d 80, 90 (1st Cir. 2017) (citing *Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 694-95 (7th Cir. 2011) and *Callahan v. A.E.V., Inc.*, 182 F.3d 237, 252 (3d Cir. 1999) (upholding the admission of employees' testimony that customers "told them that they no longer shopped at the plaintiffs' stores because of the defendant's operations.")). Fed. R. Evid. 803(3) states that "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan)" is not excluded by the rule against hearsay.

Second, the internal emails qualify as business records. Fed. R. Evid. 803(6) states that "[a] record of an act, event, condition, opinion, or diagnosis" is not excluded as hearsay if: "(A) the record was made at or near the time by—or from information transmitted by—someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of business . . .; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness . . .; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Defendants have a pending Motion in Limine on this issue.

### B. The Defendants

The defendants contend that a significant issue of law is raised concerning the admissibility of internal emails regarding Gibson Brands, Inc., and/or Gibson Foundation. It is the defendants position that email exhibits that cannot be verified by the defendants as received and/or sent, should be excluded. The referenced emails are hearsay and also any probative value is substantially outweighed by the unfair prejudice to defendants due to the risk of confusing or misleading members of the jury. See Fed. R. Evidence 401 and 403. Such evidence would also pose substantial risk of confusing or misleading the jury. R. 401 & 403. *See* Ramirez v. UPS, Civil Action No. 06-1042, 2010 U.S. Dist. LEXIS 48351, *2-5 (D.N.J. May 17, 2010); *see also* Kimes v. Univ. of Scranton, No. 3:14-cv-00091, 2016 U.S. Dist. LEXIS 44274, *4-6 (M.D. Pa. Apr. 1, 2016).

**Defendants' Motions *in Limine***

**1. Defendants' Motion *in Limine* for Attorney Conducted Voir Dire**

Both parties, and the subject piano, have been the subject of numerous news articles and television segments. Given the hgh visibility and notoriety of the parties it is likely that some jurors are aware of the underlying litigation and potentially hold pre-trial opinions or views. Defendants request the opportunity to question jurors to explore any potential bias that may have an influence on fair deliberations.

**2. Defendants' Motion *in Limine* to Exclude, When Offered for Admission, as Hearsay Interal Emails Between Employees of the Plaintiff or Gibson Brands, Inc.**

The defendants contend that the expected emails, to be pre-admitted or offered at trial, that were solely communicated in 2011 between Gibson and Baldwin employees are fully excludable as hearsay documents. The contested emails were never shared nor communicated to the defendants during the operative time period. Despite the fact that the emails are accurate photocopies of the

11

originals, they are nonetheless excludable as hearsay. The email authors nor receipients will testify at trial as to their intent, belief, nor state of mind.

Foundation has now offered a witness with an unfair surprise new title of "Gibson Historian", a titlte which is markedly different from the job title he testified to at his deposition. Mr. Davidson should not be allowed to validate the contested emails pursuant to his extremely late disclosed new title. Additionlly, Mr. Davidson testified that, as of 2021, he had never reviewed the contested emails.

The introduction into evidence of the contested hearsay emails will ultimately mislead and confuse the jury and result in severe prejudice to the defendants.

**6.    REQUESTED AMENDMENTS TO THE PLEADINGS**

    **A.    The Foundation.**

The Foundation will not request to amend the pleadings.

    **B.    The Defendants**

The defendants are presently not requesting any amendments to the underlying pleadings.

**7.    ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION**

    **A.    The Foundation**

The Foundation is unaware of any additional matters to aid in the disposition of the action.

    **B.    The Defendants**

The defendants are unaware of any additional matters to aid in the disposition of the action.

**8.    ESTIMATE OF THE LENGTH OF THE TRIAL**

    **A.    The Foundation**

The Foundation estimates the trial will take two days.

    **B.    The Defendants**

The defendants estimate two to three trial days.

Respectfully submitted this 1st day of July 2024,

| | |
|---|---|
| For the Plaintiff,<br>Gibson Foundation, Inc.<br>By Its Attorneys, | For the Defendants,<br>Rob Norris d/b/a The Piano Mill, a<br>Citizen of Massachusetts,<br>The Piano Mill Group, LLC,<br>By Their Attorneys, |
| /s/Andrea E. Bates<br>Andrea E. Bates<br>Pro Hac Vice<br>Kurt Schuettinger<br>Pro Hac Vice<br>Bates & Bates, LLC<br>1890 Marietta Boulevard NW<br>Atlanta, Georgia 30318<br>Telephone: (404) 228-7439<br>Facsimile: (404) 963-6231<br>abates@bates-bates.com<br>kschuettinger@bates-bates.com | /s/ Daniel J. Gibson<br>Daniel J. Gibson, Esq.<br>BBO# 550661<br>Cara M. Kuzmiski, Esq.<br>BBO#: 707971<br>1140 Washington Street<br>Hanover, MA 02339<br>Tel.: (781) 829-9993<br>djg@skb-law.com<br>cmk@skb-law.com |

Steven Howen, Esq.
The Law Office of Steven Howen
7111 Bosque Boulevard, Suite 305
Waco, TX 76710

Richard Michaud, Esq.
Bernkopf Goodman, LLP
2 Seaport Lane
Boston, MA 02210

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on July 1, 2024.

                                                          /s/ *Andrea E. Bates*
                                                          Andrea E. Bates