UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 1:20CV10682-IT

```
*********************************
GIBSON FOUNDATION, INC.,             *
A Delaware Corporation,              *
        Plaintiff,                   *
                                     *
v.                                   *
                                     *
ROB NORRIS D/B/A THE PIANO           *
MILL, a Citizen of Massachusetts,    *
THE PIANO MILL GROUP, LLC,           *
        Defendants                   *
                                     *
*********************************
```

## TRIAL BRIEF ON BEHALF OF THE DEFENDANTS

Now come, the defendants, Rob Norris d/b/a The Piano Mill and The Piano Mill Group, LLC, by counsel, and respectfully submit this Trial Brief in an effort to summarize what the defendants anticipate to be argued and addressed at the Trial of this action, which is scheduled to commence on Monday, July 15, 2024.

## INTRODUCTION

Presently, ownership to the subject Liberace Piano is claimed not only by the defendants but also by the plaintiff, Gibson Foundation, Inc.

During the summer of 2011, the subject piano was voluntarily relinquished by Gibson Brands, Inc., the plaintiff's predecessor in interest, to the defendants. Three and one half years later, in February of 2015, Gibson Brands, Inc., disputed ownership of the piano and began demanding its return from the defendants who refused. The piano has been in the defendants'

continuous possession since they transported the piano from the Hammerstein Ballroom in New York to the defendants' place of business in Massachusetts during July 2011.

The dispute over who owned the subject piano continued informally, via correspondence, discussions and emails from 2015 to 2019. In November of 2019, Gibson Brands, Inc. gave a purported bill of sale regarding the subject piano to Gibson Foundation, Inc. Approximately one month later the plaintiff, Gibson Foundation, Inc., commenced formal litigation against the defendants in the Federal District Court for the Middle District of Tennessee based upon the theory of diversity of citizenship and the allegation that the amount in controversy exceeded the statutory minimum. Thereafter this matter was assigned to this Court in Massachusetts.

The plaintiff claims ownership of the subject piano and alleges it was given as a loaned instrument through a contract or bailment, which the defendants categorically deny.

Despite the defendants receiving the piano in 2011, the plaintiff's predecessor in interest did not begin demanding its return until 2015. Then in 2018 the plaintiff's predecessor in interest sought Chapter 11 Bankruptcy protection in the Delaware Bankruptcy Court. The defendants anticipate offering for admission, the bankruptcy pleadings of Gibson Brands, Inc., and Baldwin Company. The defendants contend that the foregoing pleadings are relevant and probative on numerous issues, including but not limited to, ownership of the subject piano, value, de minimis status and abandonment. When viewed in the totality of the underlying circumstances the bankruptcy pleadings are probative and highly relevant regarding the conduct of the parties.

The defendants also anticipate objecting to hearsay emails that the plaintiff intends on introducing regarding communications solely between Gibson and Baldwin employees excluding the defendants. It is also anticipated that the defendants will object to the designation of the Foundation's witness Patrick Davidson as the "Gibson Historian" to testify regarding the

2

contested emails. Mr. Davidson's purported new designation is at a compete variance with his deposition testimony and the late disclosure of his alleged position constitutes unfair surprise with probable prejudice to the defendants.

## ANTICIPATED WITNESSES

1.	On behalf of the defendants, it is expected that Rob Norris will testify and identify exhibits. Mr. Norris is expected to testify about the chronological history, from 2011 to the present, which resulted in him and his company having possession of the subject piano at his piano shop in Rockland, Massachusetts. Norris is further expected to testify regarding the overall condition of the piano with regard to age, remedial repairs, insurance, etc., along with a description of the 2015 roof collapse at his Rockland, Massachusetts facility which resulted in major press coverage involving the subject piano. It is also anticipated that Norris, among any other relevant issues, including his state of mind and personal impressions, will testify regarding the interactions with, and representations made by, representatives from both Gibson Brands, Inc., and Baldwin, on which he relied in good faith that resulted in his, not only possession, but ownership of the Baldwin SD-10 Concert Grand Piano in controversy.

2.	Russ Delory is an agent of the defendants and is the individual who, with a moving crew, travelled, round trip, from Massachusetts to the Hammerstein Ballroom in New York, on July 11, 2011, to retrieve and transport the subject piano to the defendants' Massachusetts facility where it remains up to the present. Mr. Delory is expected to testify about the chronological events surrounding the transport of the subject piano and any interactions that he had with personnel on duty at the Hammerstein Ballroom in New York on the day the subject piano was retrieved. It is anticipated that Mr. Delory will testify that the piano was turned over to his custody with no qualifications, restrictions or conditions and he was provided with

absolutely no documents for signature nor for future signature. Finally, Mr. Delory is expected to testify that the retrieval and transport of the subject piano to the defendants' facility in Massachusetts was accomplished without issue.

3. Ceser Gueikian, is President of Gibson Brands, Inc., and is expected to testify in accordance with his Deposition testimony, which was taken on September 30, 2021. It is anticipated that Mr. Gueikian will testify about the history of Gibson Brands, Inc., its record keeping practices, various bankruptcy filings and acquisitions and the 2018 Request for Restructuring filed on behalf of Gibson Brands, Inc., in the Federal Bankruptcy Court in Delaware.

4. Patrick Jason Davidson, is the Director of Customer Service and Director of Product Development of Gibson Brands, Inc., and is expected to testify in accordance with his Deposition testimony, which was taken on August 20, 2021. It is anticipated that Mr. Davidson will testify about the history of Gibson Brands, Inc., protocols and procedures with regard to the company's musical instrument/asset management with reference to tracking documents related thereto. Mr. Davidson is further expected to testify that while Gibson Brands, Inc., does not give away free pianos, the company does have a history of disposing of old musical instruments.

It is anticipated that the defendants will **object** to Foundation's attempt to have Mr. Davidson testify as a "Gibson Historian" in an attempt to validate hearsay emails. At his deposition, Mr. Davidson was asked specifically what his title was at Gibson Brands, Inc. Mr. Davidson specifically identified his title as Director of Customer Services and Director of Product Development, however, absolutely no disclosure was made concerning his late disclosure of his new title as "Gibson Historian". To allow his testimony under the guise of his new title will constitute unfair surprise, jury confusion, and result in prejudice to the defendants.

4

5.     James Sasso is an employee of Roger's Piano in Natick, Massachusetts. During August of 2021, Mr. Sasso was commissioned by the plaintiff, Gibson Foundation, Inc., to visit the defendants' Rockland facility to photograph and examine the subject piano, which was accomplished on August 4, 2021, and thereafter render a written appraisal. Mr. Sasso is expected to testify in accordance with his undated appraisal report, received by defendants' counsel on August 24, 2021 and the appraised value stated therein.

## ARGUMENT

### 1.    History of the Liberace Piano

According to the appraisal report prepared by Mr. Sasso at the plaintiff's request, the Liberace Piano was made by the Baldwin Company for Liberace, an American pianist, singer and actor. At the time of his report in August 2021, Mr. Sasso stated that the piano was 38 years old, therefore setting its date of manufacture in 1983. According to published reports, Liberace died on February 4, 1987. The existing record before this Court is devoid of any documentation regarding how, if at all, ownership of the piano was transferred from Liberace to Baldwin for inclusion in Baldwin's 2001 Bankruptcy and/or Asset Transfer to Gibson Brands, Inc. In fact, the foregoing 2001 pleadings do not in any way identify ownership of what has been labeled by plaintiff as a world famous piano once played by Liberace.

Gibson Brands, Inc., without a clearly documented title of ownership, claimed possession of the subject piano, which it had to move out of the Hammerstein Ballroom in New York. Gibson Brands, Inc., in 2011, voluntarily relinquished possession to the defendants gratuitously or by abandonment with no restrictions or conditions ever communicated to the defendants until 2015. The conduct of the parties will show that the transfer of the piano to the defendants was intended to be permanent.

2. **Contract/Bailment**

The issue of an implied contract, or bailment, was never shared nor communicated to the defendants until 2015. Between the defendants' retrieval of the piano in July 2011 and 2015, the plaintiff's predecessor in interest was silent regarding any alleged contractual arraignment for loan or bailment.

The hearsay emails that the plaintiff intends to offer to establish a "loaner agreement" are objectionable and contrary to Gibson Brands, Inc., established protocol of signing formal loaner agreement documents for the loan of musical instruments. Additionally, the foregoing hearsay emails should not be allowed to be validated by a surprise disclosure of a "Gibson Historian".

3. **Abandoned Asset**

As indicated before, the records is devoid of any documentary trail of ownership from Liberace to the Baldwin Company. The testimony by the defendants will be that they were given the subject piano outright upon removing it from New York because Gibson Brands, Inc., had to have it removed from the Hammerstein Ballroom which the defendants, based upon Gibson's representations, was under construction. A review of the conduct of the parties will support the theory of abandonment in a number of ways. First, there is no identification of the subject asset in the 2001 Bankruptcy/Asset Takeover pleadings. Second the plaintiff's predecessor did not communicate any type of loaner nor restrictive contract to the defendants at the time of transfer in July 2011. Third, there is no definitive identification of the subject "World Famous" piano in the 2018 Chapter 11 matter filed by Gibson Brands, Inc., approximately three years after claiming/asserting ownership. Fourth, when the defendants transported the piano in 2013 to the Time Warner Center in New York for display, Gibson Brands, Inc., took absolutely no action to re-claim possession of the subject piano once back in the New York jurisdiction.

It should be noted that the plaintiff's planned exhibit and presentation concerning the 2012 loan of the subject piano is extremely misleading on two issues. First, the subject piano never left the defendants' possession and was not used in the movie "Behind the Candelabra". Second, the proposed loaner agreement has a totally different serial number from the subject piano, therefore, admission of this information and exhibit will certainly cause jury confusion and prejudice the defendants.

The totality of the conduct of the plaintiff's predecessor in interest points more toward an abandonment of an asset that Gibson Brands, Inc., deemed to be of no value and a liability.

## EXHIBITS

It is anticipated that the list of proposed Exhibits will be adjusted by the Court following decisions on the parties' various Motions in Limine. Exhibits may include photographs of the subject piano, bankruptcy pleadings, letter correspondence, email correspondence and/or deposition transcript excerpts and/or other documentary items that potentially may be required for admission or for rebuttal.

## CONCLUSION

The defendants, respectfully requests this Trial to commence on Monday, July 15, 2024.

Respectfully submitted,
For the Defendants, Rob Norris d/b/a
The Piano Mill and The Piano Mill Group, LLC

/s/ Daniel J. Gibson
DANIEL J. GIBSON, ESQ. –BBO# 550661
CARA M. KUZMISKI, ESQ. – BBO#: 707971
SKB, Attorneys
1140 Washington Street
Hanover, MA 02339
Tel.: (781) 829-9993
djg@skb-law.com
cmk@skb-law.com

Dated: July 2, 2024

7

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF electronic filing system on July 2, 2024.

/s/ Daniel J. Gibson
DANIEL J. GIBSON, ESQ.
BBO#: 550661