UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

Docket No. 1:20CV10682-IT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GIBSON FOUNDATION, INC.,      \*
A Delaware Corporation,        \*
                           \*

    Plaintiff,            \*
                           \*

v.                           \*
                           \*

ROB NORRIS D/B/A THE PIANO    \*
MILL, a Citizen of Massachusetts,   \*
THE PIANO MILL GROUP, LLC,   \*
    Defendants.         \*
                           \*
                           \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND JUDGMENT NOTWITHSTANDING THE VERDICT PENDING A RULING ON THIS MOTION

## INTRODUCTION

Under Rule 50(b), defendant seeks to renew his motion for judgment as a matter of law and requests a judgment notwithstanding the verdict. During the trial, Defendant raised a Motion for Judgment as a Matter of Law pursuant to Rule 50(a) at the close of the Plaintiff's case in chief, on July 18, 2024. See **Exhibit "A"** Page 49, Lines 20-25 and Page 50, Line 1 attached. Defendant raised a Renewed Motion pursuant to Rule 50(b), prior to the jury being charged, on July 19, 2024. See **Exhibit "B"** Page 4, Lines 8-12 attached. Both motions were taken under advisement by the Court.

In determining the merits of a motion for judgment notwithstanding the verdict, it is the duty of the Court to apply the same criteria that are applicable to the determination of a motion

for a directed verdict. <u>Oresman v. G. D. Searle & Co.</u>, 388 F.Supp. 1175, 1180 (D.C.R.I.1975). The Court must view the evidence and all inferences which may be reasonably drawn from it in the light most favorable to the party opposing the motion for judgment notwithstanding the verdict. <u>Bayamon Thom McAn, Inc. v. Miranda</u>, 409 F.2d 968, 973 (1 Cir. 1969).

## RULE 50(b)

Rule 50(b) allows renewal of a motion for judgment previously-filed under Rule 50(a). The Rule empowers the Court to direct entry of a judgment inconsistent with the jury's verdict if it determines the evidence doesn't support the verdict. FED. R. CIV. P. 50(b), AUTHORS' COMMENTARY at 1082, 1089 (Thomson Reuters 2022). *See generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *J.E.K. Indus., Inc. v. Shoemaker*, 763 F.2d 348, 353 (8th Cir. 1985).

## BAILMENT

This Court noted in <u>Coyle vs. Kittredge Insurance Agency, Inc. et al</u> Civil Action No. 4:12-CV-40014-TSH *"The law of bailment requires a contract, either express or implied, between the parties."* <u>Nash v. Lang, 268 Mass. 407, 414, 167 N.E. 762, 765 (1929)</u>. *"A bailment is established by delivery of personality for some particular purpose, or on mere deposit, upon a contract, express or implied, that after the purpose has been fulfilled it shall be redelivered to the person who delivered it, or otherwise dealt with according to his directions, or kept until he reclaims it, as the case may be."* <u>King v. Trustees of Boston Univ.</u> 420 Mass. 52, 59, 647 N.E.2d 1196, 1201 (1995).

A bailment requires a contract, either express or implied, as outlined in <u>Nash</u>. The Joint List of Stipulated Facts submitted to the jury in the instant case states in No. 9 *"There is no signed*

2

*copy of a loaner agreement regarding this piano*". See **Exhibit "C"** attached. Therefore, the jury was informed that there is no express contract between the parties.

The Plaintiff had the burden to prove by a preponderance of the evidence that an implied contract existed. During the trial, the Plaintiff admitted Exhibit 36 into evidence, to show that it was Gibson's intent to enter into an implied contract for the Liberace Piano with the Defendant, Rob Norris. See **Exhibit "D"** attached. However, Exhibit 36 includes internal emails from Gibson, and the Court issued a limiting instruction on the content of the emails, they could not be used to prove the truth of the matter asserted. See **Exhibit "E"** Trial Transcript day 4 Page 25, Lines 20-25 and Page 26, Lines 1-23 attached. These emails do not represent a meeting of the minds between the Plaintiff and the Defendant and therefore cannot prove an implied contract was created.

Plaintiff failed to prove a contract of any type existed during the trial and therefore, a bailment could not be established. The Plaintiff failed to meet its burden in proving the essential elements of a bailment.

## **BANKRUPTCY PLEADINGS**

Trial Exhibits 56 and 57 are the Gibson Brands, Inc. bankruptcy pleadings that were admitted into evidence. Exhibit 56 consists of forty-nine pages and on page 19, under Part 7, it states "42.1. Antiques & Historical Instruments". The answer provided by Baldwin Piano, Inc., a division of Gibson Brands, Inc. and a debtor in the bankruptcy case, valued their historical instruments at $40,250.00. See **Exhibit "F"** attached. Additionally, on page 32 of trial exhibit 56, the debtor indicates under Part 11, Question 74: Causes of action against third parties (whether or not a lawsuit has been filed), that the current value of debtor's interest is $0.00. See **Exhibit "F"**. Trial Exhibit 56 was signed by Brian J. Fox on June 29, 2018.

Trial Exhibit 57 consists of thirty-six pages. See **Exhibit "G"**. On page 35 it states *"The Debtor (Baldwin Piano, Inc) believes that any inventory held is either not in saleable condition and/or the fair market **value is zero or de minimus**."* See **Exhibit "G"**.

It is evidenced by the disclosures made in the bankruptcy pleadings that Gibson Brands, Inc. did not consider the Liberace Piano as an owned asset at the time they filed for bankruptcy. It is important to note that the bankruptcy asset schedule contained in Exhibit "F" was signed on June 29, 2018, seven years and two days AFTER the emails between Tom Dorn and Jim Felber regarding the Liberace Piano (See **Exhibit "D"**) and three years and four months AFTER the February 2015 snowstorm that triggered Gibson's interest in the piano. However, the Liberace Piano and any contemplated litigation to recover the Liberace Piano were not disclosed in the 2018 bankruptcy filings and any assets Baldwin owned at the time of the bankruptcy were disclosed to be worth $40,250 or de minimus.

It is clear after reviewing the bankruptcy pleadings that Gibson did not consider the Liberace Piano as an owned asset at the time of their bankruptcy filing in 2018. They did not contest the ownership of the Liberace Piano as they indicated in the bankruptcy filings that no lawsuits were pending or contemplated.

It is clear from the bankruptcy filings that Gibson Brands, Inc. did not own the Liberace Piano in 2018 and therefore they cannot prove that a bailment exists today.

## JURY DELIBERATIONS

Day five of the trial began at 8:57 am on July 19, 2024. After several administrative issues were addressed with counsel and the Court, the jury was seated and charged. After about thirty minutes of jury instructions, the jury was sent to the deliberation room. According to the verdict slip, the jury reached a verdict at 10:19 am on July 19, 2024. The jury deliberated for approximately

4

forty-five minutes before returning a verdict in favor of the Plaintiff, finding that a bailment existed and the defendant breached the bailment agreement.

The fifth day of trial lasted a total of one hour and twenty-two minutes from the time court began at 8:57 am until the verdict slip was signed at 10:19 am. It is virtually impossible for the 12 jurors to have adequately and fairly reviewed and understood the voluminous documents that were submitted into evidence. If the jurors had reviewed and understood the exhibits, specifically the bankruptcy pleadings, they could not have been able to determine that Gibson owned the Liberace Piano and therefore the Plaintiff could not have met their burden of proof.

**DIRECTED VERDICT and/or JNOV IN DEFENDANT'S FAVOR**

Although the jury returned a verdict in favor of the Plaintiff with respect to the question of whether a bailment existed between the parties regarding the Liberace Piano, Plaintiff's claim must be dismissed because Plaintiff failed to submit evidence to prove their ownership of the piano. Plaintiff did not introduce at trial any evidence of their ownership of the Liberace Piano.

The parties stipulated that the 2001 Asset Purchase Agreement between Baldwin Piano, Inc. and General Electric Capital Corp. transfers substantially all assets of Baldwin Piano. However, as was discussed between counsel and the Court, "substantially all" does not necessarily mean "all".

During the 2018 bankruptcy filing, Gibson Brands, Inc. indicated that their antiques and historical instrument assets under Baldwin Piano totaled $40,250 and any inventory held by Baldwin Piano, Inc. is either not in saleable condition and/or the fair market **value is zero or de minimus.** The bankruptcy filings do not include the Liberace Piano as an asset of Baldwin Piano, Inc.

A Plaintiff has the burden to put forth admissible evidence to prove his damages to a reasonable certainty. Brewster Wallcovering Company v. Blue Mountain Wallcoverings, Inc., 68 Mass. App. Ct. 582, 609-610 (Mass. App. Ct. 2007) (A Plaintiff cannot "leave the amount of [his] damages to assumption or conjecture but [is] obliged to introduce evidence proving [his] damages to a reasonable certainty.") See also Allens Mftg. Co. v. Napco, Inc., 3 F.3d 502, 505 (1st Cir. 1993) (affirming dismissal of claim because plaintiff's evidence did not identify damages with required reasonable certainty).

Although a Bill of Sale dated November 11, 2019 purportedly transferring the Liberace Piano between Gibson Brands, Inc. and Gibson Foundation d/b/a Gibson Gives was stipulated to by the parties, there was no evidence entered at trial to show Gibson Brands, Inc owned the piano in the first place. This Bill of Sale was issued just prior to the filing of this lawsuit in 2019. However, the bankruptcy records indicate that Baldwin Piano, Inc. (a division of Gibson Brands, Inc.) did not own the Liberace Piano in 2018 so they could not have effectively transferred it in 2019 to the Gibson Foundation. Because Plaintiff failed to introduce evidence proving to a reasonable certainty their ownership of the Liberace Piano, Plaintiff's claim for breach of a bailment must be dismissed.

## CONCLUSION

Wherefore, the reasons stated above, Mr. Norris respectfully requests that this Honorable Court grant his renewed motion for judgment as a matter of law and judgment notwithstanding the verdict and find the following:

1.  The Plaintiff did not meet their burden of proof to establish that a bailment existed during the trial;

2.  The Defendant did not breach a bailment agreement;

6

3. Possession of the Liberace Piano shall remain with the Defendant; or in the alternative,

4. Order a new trial.

Respectfully submitted,
For the Defendants, Rob Norris d/b/a
The Piano Mill and The Piano Mill Group, LLC

/s/ Cara M. Kuzmiski
DANIEL J. GIBSON, ESQ.
BBO#: 550661
CARA M. KUZMISKI, ESQ.
BBO#: 707971
SKB, Attorneys
1140 Washington Street
Hanover, MA 02339
Tel.: (781) 829-9993
djg@skb-law.com
cmk@skb-law.com

Dated: August  12 , 2024

7

### CERTIFICATE OF SERVICE

I, Cara M. Kuzmiski, hereby certify that on this 12th day of August, 2024 the foregoing document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Cara M. Kuzmiski
Cara M. Kuzmiski, Esq.
BBO#: 707971