UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| GIBSON FOUNDATION, INC., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 1:20-cv-10682-IT |
| | * | |
| ROB NORRIS D/B/A THE PIANO MILL, | * | |
| | * | |
| Defendant. | * | |

MEMORANDUM & ORDER
October 29, 2024

TALWANI, D.J.

Following a three-day jury trial on Plaintiff Gibson Foundation, Inc.'s ("Gibson Foundation") claim against Defendant Rob Norris d/b/a The Piano Mill for breach of bailment concerning a piano once played by Liberace, the jury returned a verdict in favor of Gibson Foundation. Verdict [Doc. No. 269].

Pending before the court is Defendant Norris's Renewed Motion for Judgment as a Matter of Law and Judgment Notwithstanding the Verdict [Doc. No. 277] (the "Motion").[1] For the reasons set forth herein, the Motion is DENIED.

I.   **Standard of Review**

Under Federal Rule of Civil Procedure 50(b), regarding renewed motions for judgment as a matter of law, the court may allow the verdict, order a new trial, or direct the entry of judgment as a matter of law. However, "[a] trial court evaluating a motion for judgment as a matter of law

---

[1] The Motion lists The Piano Mill Group, LLC, as an additional defendant in the case caption and refers to "Defendants" (plural) in the document title. See Mot. 1 [Doc. No. 277]. However, at trial, Norris was the only remaining defendant in this case. See Judgment [Doc. No. 276].

under rule 50(b) must view the evidence in the light most flattering to the verdict and must draw all reasonable inferences therefrom in favor of the verdict." Rodríguez-Valentin v. Doctors' Ctr. Hosp. (Manati), Inc., 27 F.4th 14, 20 (1st Cir. 2022) (internal quotation omitted). Similarly, "when an argument that the evidence was insufficient forms the basis of a motion for a new trial," the district court may "us[e] the same reasoning as in [addressing] a motion for judgment as a matter of law." Lama v. Borras, 16 F.3d 473, 477 (1st Cir. 1994). Stated another way, "when reviewing a denial of a motion for new trial that was, at bottom, based on sufficiency of the evidence, the standards under Rule 50 and Rule 59 effectively 'merge.'" Rodríguez-Valentin, 27 F.4th at 21.

## II.   Discussion

### A.   *Substantive Claims in Norris' Motion for Judgment as a Matter of Law*

"A court may grant judgment as a matter of law after a trial if the record reveals no evidentiary basis for the verdict." C.P. Packaging, Inc. v. Hall, 2023 WL 6961860, at *3 (D. Mass. Oct. 20, 2023) (citing Fed. R. Civ. P. 50(b)). Norris challenges the jury verdict, which found that there was a bailment for the piano, in two ways. First, he asserts that Gibson Foundation did not sufficiently prove—and the jury could not have reasonably found—that Gibson Foundation's predecessor, Gibson Brands Inc. ("Gibson Brands"), had ownership of the piano to be able to enter into a bailment. Second, he asserts that the jury erred in finding there was an implied contract between the parties establishing a bailment. The court addresses these arguments in turn.

1. Ownership of the Piano

Norris argues that Gibson Foundation failed to establish its ownership of the piano. Mot. 6 [Doc. No. 277].[2]

    a. Presumption of Ownership

The jury instructions as to ownership of the piano stated, without objection from Norris, that:

> Plaintiff has the burden to prove ownership of the goods. Except for a circumstance not at issue here, there is a presumption that the party in possession of the goods prior to delivery or transport is their owner. The parties do not dispute that the Plaintiff's predecessor-in-interest, Gibson Brands Inc., physically possessed the piano in 2011. The presumption of ownership is rebuttable, however, and you may consider whether other evidence or lack of evidence rebuts this presumption.
>
> Gibson Foundation's ownership of the Liberace Piano is no more and no less than that of Gibson Brands.

Final Jury Instructions 12 [Doc. No. 268]. In other words, the jury was instructed that Gibson Brands had possession of the piano at the time of the bailment in 2011, that possession created a rebuttable presumption that Gibson Brands owned the piano, and the jury could consider whether other evidence or lack of evidence rebutted this presumption.

    b. The Jury Was Entitled to Find that No Evidence Was Offered Sufficient to Rebut this Presumption

Gibson Foundation contended at trial that Gibson Brands obtained the piano in 2001 from Baldwin Piano, Inc. ("Baldwin"). In his closing argument, Norris's counsel made passing mention of the absence of a "paper trail . . . with regard to ownership between 1987, Liberace's

---

[2] Norris contends that Gibson Foundation's burden was to prove ownership "to a reasonable certainty," see Mot. at 6 [Doc. No. 277], but this is incorrect. Plaintiff's burden was to prove ownership of the piano by a preponderance of the evidence. See Final Jury Instructions 2 [Doc. No. 268].

death, and 2001[.]" Trial Tr. Day 5 at 111:5–8. But during the trial itself, Norris raised no questions and no evidence was introduced as to: the piano's ownership when Liberace died in 1987; how the piano came to be at the Hammerstein Ballroom in New York City; and whether Baldwin held title to the piano at any time after it was manufactured, including at the time of the purported transfer of the piano to Gibson Brands in 2011. Ignoring the question of whether *Baldwin* ever held title to the piano after it was built, Norris assumed during trial that Baldwin did have title and focused instead on whether title to the piano was transferred from Baldwin to Gibson Brands in 2001.[3]

At trial, an asset purchase agreement was introduced showing Gibson Brands acquired "substantially all" of the Baldwin assets in 2001. Tr. Day 2 at 3–4. Norris contends that "substantially all" *could* exclude the piano to rebut the presumption of ownership, but that possibility is not sufficient to rebut the presumption of ownership.

Norris also points to several trial exhibits containing docket entries from Gibson Brands' 2018 bankruptcy proceeding. See Mot. 3–4 (referring to Trial Exs. 55, 56). These disclosures listed Gibson Brands and its subsidiaries' assets and liabilities but did not itemize the Liberace Piano. Norris argues based on these documents that it would be clear to a juror that Gibson Brands did not consider the piano to be an asset it owned in 2018. Though the documents were admitted into evidence, Norris's counsel had no witness offer any context for these documents. Trial Tr. Day 4 95:7–10. In any event, a reasonable juror could read the bankruptcy documents

---

[3] During closing arguments, counsel for Gibson Foundation contended: "We had a professional appraiser look at it and he said 'it's a Baldwin piano.' We own Baldwin company. The idea that we didn't own this piano is just nuts." Tr. Day 4 117:23–118:4. Norris's counsel failed to object to this argument that Baldwin owned the piano simply because Baldwin made or branded the piano.

4

and believe that the Liberace Piano was encompassed in the "Antiques & Historical Instruments" worth $40,250.00, listed under Collectibles in the disclosure of assets. See Trial Ex. 56, at 19.

In sum, in the absence of any challenge to Gibson Foundation's claim that Baldwin owned the piano prior to 2001, the lack of specificity in the asset purchase agreement and the bankruptcy documents is not sufficient to rebut the presumption of ownership based on Gibson Brands' possession of the Liberace Piano at the time of the bailment in 2011.

    c. Jury Deliberations

Norris argues that the jury deliberated for too short a time to adequately or fairly review the documents submitted into evidence, and that if they had reviewed and understood the documents, they could not have determined that Gibson Brands owned the piano at the time of the bailment. Mot. 4–5 [Doc. No. 277]. However, Norris provides no legal standard or basis for challenging the length of jury deliberation and has failed to show that the length of jury deliberation would be a basis for entering judgment as a matter of law.

    2.    Implied Contract

Norris also argues that Gibson Foundation failed to prove that there was an implied contract between Norris and Gibson Brands for a bailment. Norris points to an internal email, Ex. 35, introduced by Gibson Foundation and argues that since the exhibit was not admitted for the truth of the matter asserted, Gibson Foundation failed to prove an implied contract.

However, "Massachusetts recognizes implied contracts based on the conduct of the parties." Friendly Fruit, Inc. v. Sodexho, Inc., 529 F. Supp. 2d 158, 164 (D. Mass. 2007) (citing Bushkin Assocs. v. Raytheon Co., 815 F.2d 142, 151 (1st Cir. 1987)). While the internal email was not evidence of an implied contract, Gibson Foundation presented evidence of Norris's conduct that could support a reasonable inference that an implied contract existed. For example,

after picking up and transporting the piano, Norris sent an email update confirming that the piano was moved safely. Tr. Day 3 at 78:23–25; Ex. 15. Norris also described what he hoped to do with the piano and asked the staff at Baldwin (a subdivision of Gibson Brands in 2011) whether it was "okay" to make cosmetic repairs to the piano in the same email. See Tr. Day. 3 at 83-84, 85:5–7; Ex. 15. Norris contended at trial that he was "asking their opinion" on whether the repairs would devalue the piano. Tr. Day 2 at 85:16–18. In a response email, a Baldwin representative wrote that he was "okay with repairs" and gave his phone number to Norris, who claims they had previously spoken on the phone. Tr. Day 2 at 87–88. A reasonable juror could conclude that he was asking for permission to repair the piano, and that such conduct shows the implied contract of bailment between the parties.

      B.      Motion for a New Trial

Norris asks for a new trial in the alternative to judgment as a matter of law. As noted, when a motion for a new trial relies on a claim of a lack of sufficient evidence to reach the verdict, then "the standards under Rule 50 and Rule 59 effectively 'merge.'" Rodríguez-Valentin, 27 F.4th at 21. As the same standard applies on a motion for a new trial, and for the reasons stated above, Norris has failed to meet the burden for a motion for a new trial. "[T]rial judges do not sit as thirteenth jurors, empowered to reject any verdict with which they disagree." Id. (quoting Jennings v. Jones, 587 F.3d 430, 436 (1st Cir. 2009)) (internal quotation omitted).

### III.     Conclusion

For the foregoing reasons, the Motion [Doc. No. 277] is DENIED.

IT IS SO ORDERED.

October 30, 2024                                        /s/ Indira Talwani
                                                        United States District Judge